No. 28,678.

THE STATE OF KANSAS, *Appellee*, v. SAM KERLEY et al., *Appellants.*

(276 Pac. 802.)

Opinion filed May 4, 1929.

*J. N. Tincher, Don Shaffer, Rubert G. Martin, Mabel Jones Shaffer,* all of Hutchinson, *C. B. Hudson* and *Clyde M. Hudson,* both of Wichita, for the appellants.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Bert E. Church,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Each of the defendants appeals from a judgment rendered against him for violating the prohibitory liquor laws of the state of Kansas. The defendants were jointly charged with six separate violations of the law. Each of the defendants was found guilty under the fourth, fifth and sixth counts of the information. The fourth count charged the defendants with having intoxicating liquor in their possession; the fifth count charged the sale of liquor to one Luther Pergrem; and the sixth count charged that the defendants kept and maintained a common nuisance.

The contention of the defendants is that the evidence introduced was not sufficient to sustain a conviction. There was evidence which tended to prove that the defendants were operating a filling station on a public highway north of Wellington in Sumner county; that they had in their employ one Elmer Day; that through Elmer Day intoxicating liquor was purchased by Luther Pergrem from each of the defendants; that the liquor sold belonged to the defendants; that on one occasion liquor was purchased with a marked bill which was immediately thereafter found on the person of the defendant Kenneth Kerley; that the defendants had instructed Elmer Day as to the manner in which sales should be made and concerning the manner of putting alcohol in beer; that the liquor

sold was obtained by Elmer Day from the premises occupied by the defendants or under their control; that each of the defendants sold intoxicating liquor; that the place was raided by officers, and that intoxicating liquor was found. The instructions of the court appear to be regular, and no evidence was introduced except what was proper and competent. There does not appear to have been any error.

The judgment is affirmed.